UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04-CV-58-J

JAMES M. HARDIN                                                                                  PLAINTIFF

v.

JO ANNE BARNHART                                                                             DEFENDANT
Social Security Commissioner

## MEMORANDUM OPINION

This case is before the Court upon review of the Commissioner's objections to Magistrate Judge King's Report and Recommendation that plaintiff James Hardin's Social Security application for Title II and Title XVI benefits be remanded for payment. After conducting a de novo review of the Commissioner's specific written objections, the Court adopts the magistrate's report with the exception noted below, and remands this action to the Commission for calculation of payment of Title II and Title XVI benefits.

Mr. Hardin was originally awarded Title II and Title XVI benefits on July 9, 1993 by ALJ Charles Marshall, who found that Mr. Hardin suffered from severe impairments including a right foot crush injury with reflex sympathetic dystrophy syndrome, right foot degenerative arthritis, substance addition disorder with gastrointestinal bleeding, alcoholic hepatitis and liver cirrhosis, chronic aggressive hepatitis C, pancreatitis, esophageal varices, a history of a gunshot wound to the right thigh and a severe psychological impairment (Tr. 25). ALJ Marshall found that Mr. Martin had been disabled since January 10, 1992 (Tr. 23). A determination was subsequently made that Mr. Hardin's medical condition had improved, and that his disability ceased on November 1, 1997 (Tr. 23). Mr. Hardin was incarcerated at the time his benefits were terminated. Upon his release, he again filed for Title II and Title XVI benefits alleging that his disability began on January 10, 1992.

Mr. Hardin's application was denied at the initial stage (Tr. 40) and upon reconsideration (Tr. 48). After a hearing on January 4, 2001, Administrative Law Judge Raymond Gliva ("ALJ") found Mr. Hardin suffers from severe impairments, that he retains the physical capacity to return to his past work as a custodian, and that he retains the residual functional capacity to perform some sedentary and light work positions identified by the vocational expert (Tr. 30). Mr. Hardin appealed the adverse decision to the Appeals Council, which found no basis for reviewing the ALJ's decision. Plaintiff's appeal to this Court followed.

## STANDARD OF REVIEW

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex rel. Golay v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even if the record might support a contrary conclusion, Smith v. Secretary, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen,

800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). It is within the parameters of the substantial evidence rule that the Court addresses and rejects each of the Commissioner's objections.

## BACKGROUND

In the initial disability determination in 1993, Mr. Hardin was found to suffer from a right foot crush injury with reflex sympathetic dystrophy syndrome, right foot degenerative arthritis, substance addiction disorder with gastrointestinal bleeding, alcoholic hepatitis and liver cirrhosis, chronic aggressive hepatitis C, pancreatitis, esophageal varices, has a history of a gunshot wound to the right thigh and of prostate cancer, and a severe psychological impairment.[1] From August 1996 to August 1999, Mr. Hardin was incarcerated (Tr. 300) for theft by deception and a controlled substance violation (Tr. 301). On November 1, 1997, during his incarceration period, Mr. Hardin's previously awarded DIB and SSI benefits were terminated (Tr. 23). Upon his release, he re-applied for benefits, alleging problems with his right foot, knees, liver inflamation, hepatitis, and recent prostate cancer surgery (Tr. 72).

Though Mr. Hardin is not challenging the termination of his benefits, it is important to note that ALJ Gliva's Decision is erroneous on a preliminary matter involving Mr. Hardin's alcoholism. Specifically, ALJ Gliva's Decision indicates that Mr. Hardin's alcoholism was a contributing factor material to the Commissioner's finding of disability in 1993 (Tr. 23). However, no such language is contained the 1993 Decision. ALJ Gliva's decision further states that Mr. Hardin's benefits were terminated due to medical improvement as, at the time of the termination, Mr. Hardin was

---

[1] A copy of the July 9, 1993 decision of ALJ Charles Marshall awarding benefits to Mr. Hardin is attached to Plaintiff's Fact and Law Summary, Docket Entry 15.

3

incarcerated and unable to abuse alcohol (Tr. 23).[2] However, Judge Marshall's opinion was not predicated upon Mr. Hardin's alcoholism, but instead was based upon his inability to perform sedentary work on a sustained basis due to physical restrictions.

The magistrate evaluated Mr. Hardin's three alternative arguments, summarized as follows:

1) Under the treating physician rule, the ALJ failed to give controlling weight to the medical opinion of Dr. Danny Butler which – according to the vocational expert – would render Mr. Hardin unemployable; and/or

2) When applied to the grids, Dr. Butler's assessment renders Mr. Hardin incapable of sustained sedentary work under Grid Rule 201.17; and/or

3) The ALJ failed to undertake the requisite analysis in rejecting treating physician Dr. Butler's assessment, and therefore remand for a new decision is necessary.

The Magistrate concluded that when the treating physician's medical assessment of Mr. Hardin's ability to perform work-related activities is given the deference that it properly deserves, the result is a finding of disability. Alternatively, the Magistrate concluded that application of Dr. Butler's assessment under Grid Rule 201.17 results in a finding of disability. And finally, should this Court be unpersuaded by either of the first two arguments, the third or default argument is that at the very least, remand for further proceedings is required as the ALJ did not undertake the proper analysis when rejecting Dr. Butler's opinions regarding Mr. Hardin's physical limitations.

---

[2]These observations by ALJ Gliva allude to the 1996 changes in the Social Security Act that mandated non-disability findings in cases where drug addiction or alcoholism would be a contributing factor material to the Commissioner's determination that the individual is disabled, 42 U.S.C. §423(d)(2)c) and §1383c(a)(1)(J).

## ANALYSIS

This case presents an unusual circumstance in that page 7 of ALJ Gliva's Decision is missing from the record. Based upon the representations of the Commissioner, the missing page cannot be located or recovered. Though essentially conceding that the Decision is not supported by substantial evidence, the Commissioner seeks remand for further fact-finding and contends that a judicial award of benefits is unwarranted. In context, it would appear that page 7 would have included ALJ Gliva's analysis of Mr. Hardin's mental impairment. However, Mr. Hardin has waived any further evaluation of his mental impairments, Docket Entry 27. The Commissioner contends that the missing page 7 likely included the ALJ's rationale for his credibility determination and justification for the residual functional capacity determination, resulting in the Commissioner's being "hard pressed to respond to plaintiff's arguments," Fact and Law Summary page 4. However, as is fully discussed herein-below, this matter may be properly remanded for payment upon the basis of Mr. Hardin's physical impairments alone, and the Court does so independently of the missing mental impairment analysis from page 7 of the ALJ's Decision. In sum, if the record compels a finding of disability, then the missing page 7 of the Decision is irrelevant.

The Commissioner suggests that, without page 7 of the Decision, she is helpless to respond to plaintiff's contentions. However, this Court is allowed to look at any evidence contained in the administrative record to determine whether the ALJ's ultimate findings are supported, regardless of whether that evidence was referenced within the ALJ's decision, <u>Walker v. Secretary</u>, 884 F.2d 241, 245 (6th Cir. 1989). Furthermore, it is harmless error for the ALJ decision to omit discussion of pertinent evidence if the Court can determine, in light of the record as a whole, that the ALJ's decision is based on substantial evidence, <u>Heston v. Commissioner</u>, 245 F.3d 528, 535-536 (6th Cir.

2001). In light of these holdings, the Court rejects the Commissioner's insistence upon having every last word of the decision as basis for remand for further proceedings.

I. TREATING PHYSICIAN ANALYSIS

ALJ Gliva did not give due deference to the report of Dr. Butler, Mr. Hardin's treating physician. The Commissioner suggests that the magistrate's observance of the treating physician rule comes "dangerously close" to making de novo findings of fact. The Court disagrees with this characterization of the magistrate's report in light of Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004). In Wilson, the Sixth Circuit characterized the treating physician rule as a mandatory procedural protection, and it is in this context that this Court reviews its application.

On December 13, 2000, Mr. Hardin's treating physician Dr. Butler completed a medical assessment form (Tr. 263-264) finding that Hardin's physical impairments rendered him unable to stand/walk or sit for the necessary eight hour workday. The vocational expert testified at the hearing that Dr. Butler's assessment would render Mr. Hardin unemployable (Tr. 328). As this case involves the application of the treating physician rule, the reviewing court is charged with evaluating whether the ALJ's Decision gave "good reasons" for failing to give controlling weight to a treating physician's opinion as required by the governing regulation, Wilson at 544.

Consistent with the magistrate's analysis, the findings of Dr. Butler constitute medical opinions that meet the threshold requirements for application of the treating physician rule. Dr. Butler's findings contained in the assessment form appear to be "well-supported by medically acceptable clinical and laboratory diagnostic techniques." Specifically, Dr. Butler indicated that his opinions were based upon his own medical records in addition to the records of Dr. Kupper and Dr. Shiben, records from Western Baptist Hospital, Tri-County Baptist Hospital, and "laboratory reports

for specific findings too numerous to list" (Tr. 263). He further enumerates the medical findings to include tenderness, edema, crepitation, gait change, positive x-ray and lab findings, reduced motion, hepatomegaly, oscites, rhonchi, rales, etc., degenerative joint disease, chrondomalacia, and fatigue (Tr. 263). In light of this detailed summary, it is difficult to understand the ALJ's finding that Dr. Butler merely copied what Mr. Hardin told him (Tr. 27). These findings made by Dr. Butler are the sort that make the treating physician relationship special, justifying its being accorded great weight.

The second prong required by the treating physician rule is that the findings be consistent with other substantial evidence of record. The ALJ found persuasive the opinions and assessments of the state agency non-examining physicians, whose assessments are based upon the December 2, 1999 narrative report of Dr. Kamal Mohan. The findings of Dr. Mohan regarding Mr. Hardin's chronic multiple lower extremity impairments are somewhat similar to Dr. Butler's and are consistent with Judge Marshall's prior findings. More importantly, plaintiff is persuasive in noting that the non-examining physicians did not have before them ALJ Marshall's previous decision or the accompanying claims file when making their determinations. When viewed in this light, the state agency opinions are neither substantial nor persuasively inconsistent.

II.     GRID RULE APPLICATION

The second basis for an award of benefits to plaintiff to which the Commissioner objects is application of Grid Rule 201.17. In fact, ALJ Gliva conceded at the hearing that he should find disability if Mr. Hardin is limited to sedentary work, is illiterate, and has unskilled work experience (Tr. 333). Essentially, ALJ Gliva recognized that the factors regarding literacy and previous work experience skills under the grids would favor disability for Mr. Hardin. The third variable, residual functional capacity, was the only factor which could be manipulated to reach a decision of not

7

disabled. That is, Mr. Hardin's physical limitations must be found to be broader than sedentary work to defeat his right to disability. And that is precisely what ALJ Gliva determined. As is discussed herein-above, when the treating physician's opinions are given the weight that they deserve, the grid rule would necessitate a finding of disability.

III. ALJ'S FAILURE TO ADEQUATELY JUSTIFY REJECTING DR. BUTLER'S OPINIONS

The Commissioner contends that remand is the proper remedy because of the ALJ's failure to discuss the requisite factors when rejecting Dr. Butler's opinions. If the Court had not found that the treating physician rule requires an award of benefits, then the case would be subject to remand for the proper analysis of Dr. Butler's opinions. The Commissioner finds an internal inconsistency within the magistrate report, suggesting that it is incongruent for the magistrate to recommend remand for payment under one analysis and remand for further proof under another. However, because this Court has reached the conclusion that the treating physician's report would entitle Mr. Hardin to disability benefits either standing alone or in connection with Grid Rule 201.17, it is unnecessary for it to reach the merits plaintiff's third argument.

Finally, the Commissioner suggests that where the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. Because this Court agrees with the magistrate that proper application of the treating physician rule results in Dr. Butler's analysis being given controlling weight, it is no longer necessary for the Commissioner to explain why it did not adopt Dr. Butler's opinion. Contrary to the Commissioner's assertion, a finding that a treating physician's medical opinion is entitled to controlling weight is not re-weighing the evidence in plaintiff's favor (Commissioner's Objection, page 4). After reviewing the record as a whole, and when the opinions of Dr. Butler are accorded the weight to which they are entitled, it is

8

clear that there are no remaining factual issues that would warrant remand for further proceedings. Mr. Hardin's objectively verifiable and progressive physical limitations alone render him incapable of performing any work, consistent with the residual functional capacity opinion provided by Dr. Butler. This is one of the rare cases in which all essential factual issues have been resolved, and the overwhelming evidence entitles Mr. Hardin to benefits.

Where the record is fully developed, all essential factual issues have been resolved, and the record adequately establishes entitlement to benefits, remand for further proceedings serves no legitimate purpose, see for example Abbott v. Sullivan, 905 F.2d 918 (6th Cir. 1990). The Court finds that this is one of those rare cases in which "proof of disability is strong and evidence to the contrary is lacking." Faucher v. Secretary, 17 F.3d 171, 176 (6th Cir. 1994). A Judgment in conformity with this Opinion has this day been entered.